# Exhibit A

 **CT Corporation**

**Service of Process Transmittal**
08/28/2019
CT Log Number 536145320

**TO:** Kathleen Sturgeon
Markel Midwest, Inc.
10 Parkway North
Deerfield, IL 60015-

**RE:** **Process Served in Texas**

**FOR:** MARKEL AMERICAN INSURANCE COMPANY (Domestic State: VA)

RECEIVED
AUG 3 0 2019
Law Dept.

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | James. J. Flanagan Shipping Corporation, Pltf. vs. Markel American Insurance Company And CRC Insurance Services, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 190th Judicial District Court Harris County, TX<br>Case # 201957709 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/28/2019 at 11:24 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | Wayne D. Collins<br>Barton Law Firm<br>1201 Shepherd Drive<br>Houston, TX 77007<br>(713)227-4747 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air, 1ZX212780105349994<br><br>Email Notification, Kathleen Sturgeon LegalRegulatory@markelcorp.com<br><br>Email Notification, DONNA STRAUSS DONAVANT donna.donavant@markel.com<br><br>Email Notification, LAURIE FORD ford@markelcorp.com<br><br>Email Notification, SCOTT OLSON solson@suretec.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 214-932-3601 |

Page 1 of 1 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CAUSE NO. 201957709

|  |  |
|---|---|
| RECEIPT NO.<br>********* | 0.00    CIV<br>TR # 73661061 |
| PLAINTIFF: JAMES J FLANAGAN SHIPPING CORPORATION<br>vs.<br>DEFENDANT: MARKEL AMERICAN INSURANCE COMPANY | In The   190th<br>Judicial District Court<br>of Harris County, Texas<br>190TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS                                      54547-1
County of Harris

TO: MARKEL AMERICAN INSURANCE COMPANY (A FOREIGN INSURANCE COMPANY)
   MAY BE SERVED WITH PROCESS BY SERVING ITS REGISTERED AGENT
   CT CORPORATION SYSTEM
   1999 BRYAN STREET SUITE 900   DALLAS  TX  75201
   Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>19th day of August, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
       This citation was issued on 22nd day of August, 2019, under my hand and seal of said Court.

<u>Issued at request of</u>:                                 MARILYN BURGESS, District Clerk
BARTON, DANIEL PATRICK                                  Harris County, Texas
1201 SHEPHERD DRIVE                                     201 Caroline, Houston, Texas 77002
HOUSTON, TX 77007                                       (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 227-4747
<u>Bar No.</u>: 789774                                     Generated By: HALL, JOSHUA EVERETT  GLH//11305815

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____
                                                        _____
                                                        _____ of _____County, Texas

                                                        By _____
    Affiant                                                Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                                        _____
                                                                     Notary Public

N.INT.CITR.P                          *73661061*

CAUSE NO.  201957709

RECEIPT NO.           0.00        CIV
*********         TR # 73661061

| | |
|---|---|
| PLAINTIFF: JAMES J FLANAGAN SHIPPING CORPORATION<br>vs.<br>DEFENDANT: MARKEL AMERICAN INSURANCE COMPANY | In The    190th<br>Judicial District Court<br>of Harris County, Texas<br>190TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: MARKEL AMERICAN INSURANCE COMPANY (A FOREIGN INSURANCE COMPANY)
    MAY BE SERVED WITH PROCESS BY SERVING ITS REGISTERED AGENT
    CT CORPORATION SYSTEM
    1999  BRYAN STREET SUITE 900    DALLAS  TX   75201
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 19th day of August, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

     This citation was issued on 22nd day of August, 2019, under my hand and seal of said Court.

Issued at request of:
BARTON, DANIEL PATRICK
1201  SHEPHERD DRIVE
HOUSTON, TX   77007
Tel: (713) 227-4747
Bar No.:  789774

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: HALL, JOSHUA EVERETT  GLH//11305815

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ _____

                                          _____ of _____County, Texas

_____      By _____
          Affiant                              Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                              _____
                                                      Notary Public

N.INT.CITR.P                    *73661061*

8/19/2019 5:48 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36093430
By: Joshua Hall
Filed: 8/19/2019 5:48 PM

*2019-57709 / Court: 190*

CAUSE NO.

| | | |
|---|---|---|
| JAMES J. FLANAGAN SHIPPING CORPORATION | § § § § § § § § § § § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | | |
| v. | | HARRIS COUNTY, TEXAS |
| MARKEL AMERICAN INSURANCE COMPANY and CRC INSURANCE SERVICES, INC. | | |
| *Defendant.* | | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

James J. Flanagan Shipping Corporation ("Plaintiff"), complains of Markel American Insurance Company and CRC Insurance Services, Inc. ("Defendant") and respectfully shows as follows:

## I.
## DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

## II.
## PARTIES AND PROCESS SERVICE

**James J. Flanagan Shipping Corporation** ("Plaintiff") is a Texas Corporation with its principal place of business in Jefferson County, Texas.

**Markel American Insurance Company** ("Defendant") is a foreign insurance company engaging in the business of insurance in Texas. This Defendant may be served with process by serving its registered agent **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.** Immediate Issuance of citation is requested at this time.

**CRC Insurance Services, Inc.** ("CRC or Defendant") is a foreign insurance company engaging in the business of insurance in Texas, with its principal place of business located at **10375 Richmond Avenue, Suite 5, Houston TX 77042.** This Defendant may be served with process by serving its registered agent **C T Corporation System 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.** Immediate Issuance of citation is requested at this time.

## III.
## JURISDICTION

Plaintiff seeks monetary relief over $1,000,000.00, excluding interest and costs. Such damages sought are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

The court has jurisdiction over Defendant because Defendant engages in the business of insurance in Texas and because Plaintiff's causes of action arise out of this Defendant's business activities in Texas.

## IV.
## VENUE

Venue is proper in Harris County, Texas, because at least one Defendant resides and the communications related to the contract occurred in Harris County, Texas. TEX.CIV.PRAC.REM.CODE §15.032.

## V.
## NOTICE AND CONDITIONS PRECEDENT

Defendant has been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendant; or Defendant is otherwise estopped from raising same due to Defendant's prior breach of the insurance contract.

## VI.
## FACTS

Plaintiff leased certain real property with improvements and positioned valuable business property located at Port of Beaumont (the "Property"), which was insured by Inland Marine Policy issued by Defendant **Policy No: MAXA51M0050044** ("Policy").

During Hurricane Harvey, the Plaintiff's property suffered extensive flood damage. Plaintiff subsequently made a claim and demand for payment with Defendant for damages to the Property by the terms of the Policy under claim number **MXMP46107** ("Claim").

Subsequent to Plaintiff making the Claim, Defendant assigned personnel to adjust Plaintiff's Claim. Defendant failed to comply with the Policy, the Texas Insurance Code, and Texas Law in handling Plaintiff's Claim. Further, Defendant has refused to pay all amounts due and owing under the Policy for the Claim. Plaintiff has complied with any and all of Plaintiff's obligations under the Policy.

Defendant made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant failed to fully quantify Plaintiff's damages, thus demonstrating that they did not conduct a thorough investigation of Plaintiff's claim. Defendant conducted a substandard investigation of

Plaintiff's Claim. Defendant failed to thoroughly review and properly supervise the adjustment of the Claim, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. Further, Defendant knowingly and intentionally overlooked damages at the Property and used their own inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim. Because of Defendant's conduct, Plaintiff's claim was underpaid and partially-denied.

Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

Defendant misrepresented to Plaintiff that much of the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when Defendant's liability was reasonably clear. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

Defendant failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to

adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

Defendant refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendant performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

Defendant failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §542.055.

Defendant failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of TEX.INS.CODE §542.056.

Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.058.

From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

In the course and proper scope of its duty to Plaintiff, Defendants, by and through its employees and agents provided insurance for Plaintiff's Property for the benefit of Plaintiffs against damage by windstorm, hail, hurricane, and other perils or causes of loss.

Defendants had a non-delegable duty to Plaintiffs to procure insurance at the Property for the benefit of Plaintiff. Such insurance was to insure all of Plaintiff's Property.

Plaintiffs relied upon Defendants and its agents as the brokering insurance agents or company to procure adequate coverage to insure against catastrophic losses in an amount to repair/replace the properties, should covered losses be sustained during the policy periods. By and through their agent, Defendants sold Plaintiffs insurance policies that did not insure all of the Property owned by Plaintiffs.

Specifically, by and through their agent, Defendants failed to manage, advise, or consult with Plaintiff regarding Plaintiff's insurance needs.

Specifically, by and through their agent, Defendants failed to procure insurance coverage for Plaintiff's Property; and other portions of the Property that is the responsibility of Plaintiffs in the course of conducting their business on the premises.

In addition, Defendants failed to adequately insure the Property with respect to any flood damage.

Although Plaintiffs believed and had been informed that they had purchased insurance and were covered for the value to replace their Property in case of an unfortunate loss, Defendants' conduct created a gap in coverage in that only a portion of Plaintiff's Property was insured.

Plaintiffs have complied with any and all of their obligations with respect to this Defendants.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT

Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A. Breach of Contract.

The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant's breach proximately caused Plaintiff injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B. Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered,

Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

### C. Prompt Payment Of Claims Violations.

The Claim is a claim under an insurance policy with Defendant of which Plaintiff gave Defendant. Defendant is liable for the Claim. Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

> a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;
>
> b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by
>
> c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

### D. Breach Of The Duty Of Good Faith And Fair Dealing.

Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear. Defendant's conduct proximately caused Plaintiff injuries and damages.

### E. CAUSES OF ACTION AGAINST CRC DEFENDANTS VIOLATIONS OF TEX. INS. CODE § 541.060, et seq.

Plaintiffs incorporate the preceding paragraphs as though fully stated herein.

Defendants are a "Person" as defined by Tex. Ins. Code § 541.002(2), which states as follows: "Person" means an individual, corporation, association, partnership ... or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor." As described above, as a licensed and registered "broker", the actions of Defendants are unfair insurance practices that violate Tex. Ins. Code Chapter 541. Defendants violated the following provisions of the insurance code:

(1) Misrepresenting a material fact or policy provision relating to coverage in violation of section 541.060(a)(1);

(2) Making an untrue statement of material fact – specifically, misrepresenting the adequacy of the coverage in violation of § 541.061(1);

(3) Failing to state a material fact necessary to make other statements not misleading, considering the circumstances under which the statements were made, in violation of § 541.061(2);

(4) Making statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact, in violation of § 541.061(3).

Defendants made misrepresentations regarding the Property that was insured and failed to consult with, advise, or procure insurance for the Property owned by Plaintiff.

These violations have been a producing cause of damages to Plaintiff. Plaintiff is entitled to recover from Defendants its actual damages and attorneys' fees pursuant to Tex. Ins. Code §§ 541.151 and 542.152. Plaintiff does not seek this relief as a tie-in under the D.T.P.A., but rather as an independent cause of action under § 541.451(1).

Defendants are also liable for additional damage as provided by Tex. Ins. Code § 541.152(b) which specifically provides that "on a finding by the trier of fact that the Defendants knowingly committed the act complained of, the trier of fact shall award plaintiff three times the amount of actual damages."

### AS TO CRC DEFENDANT - NEGLIGENCE

Plaintiff incorporate the preceding paragraphs as though fully stated herein.

Plaintiff retained Defendants to use reasonable diligence to insure the Property with the requested coverages, and breached that duty causing damages to Plaintiff. If an insurance agent or broker, with a view toward being compensated, undertakes to procure insurance for the Property of another, and through fault and neglect, fails to do so, will be held liable for any damage that results thereby.

Plaintiff was never informed of any coverage issues regarding gaps in the coverage for the Property. Once there were coverage issues, Defendants had a duty to inform Plaintiff that the Property was not properly insured. The failure of an insurance agent or broker, even after the exercise of reasonable diligence to procure insurance, to notify the insured of the agent or broker's inability to obtain insurance, will likewise impose liability upon him. An agent or broker has a duty to keep his or her clients/insureds fully informed, so that they may remain safely insured.

Specifically, Defendants breached their duties by:

    a.    Failing to adequately procure sufficient coverage for Plaintiff's Property; and

    b.    Failing to inform Plaintiff that there were gaps in coverage on the Property.

Defendants induced Plaintiff to rely on its performance of the undertaking to procure insurance and Plaintiff reasonably relied to Plaintiff's detriment, and assumed that Plaintiff was

insured against the risks that caused Plaintiff's losses. Each of the following acts of negligence by Defendants were the proximate causes of Plaintiff's injuries and damages.

The aforesaid conduct of Defendants, was committed with malice, and knowing, conscious, and deliberate disregard for the welfare of Plaintiff. Defendants' conduct amounts to gross negligence, thereby entitling Plaintiff to punitive damages for an appropriate sum to punish Defendants and deter it from similar conduct in the future.

Because of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VIII.
## KNOWLEDGE

Each of the Defendant's acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## IX.
## DAMAGES

Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## X.
## JURY DEMAND

Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

## XI.
## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties

and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

**BARTON LAW FIRM**

By: */s/ Wayne D. Collins*
WAYNE D. COLLINS
State Bar No. 00796384
wcollins@bartonlawgroup.com
DANIEL P. BARTON
State Bar No.: 00789774
dbarton@bartonlawgroup.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900 – Facsimile